**YU | MOHANDESI LLP**

**Jordan S. Yu** (227341)
213.377.5502 | jyu@yumollp.com
**Kenneth A. Ohashi** (230440)
213.377.1206 | kohashi@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Santander Consumer USA Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASINTA HUDSON,<br><br>   Plaintiff,<br><br>vs.<br><br>SANTANDER CONSUMER USA, and DOES 1 through 10,<br><br>   Defendants. | Case No.: **'19CV851 JM KSC**<br><br>[Removal from Superior Court of California for the County of San Diego, Case No. 37-2010-00005749-CU-NP-CTL]<br><br>**DEFENDANT SANTANDER CONSUMER USA INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c), and 1446**<br><br>**[FEDERAL QUESTION]**<br><br>Compl. Filed: January 29, 2019 |

– 1 –
CERTIFICATE OF SERVICE

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA:

**PLEASE TAKE NOTICE** that Defendant Santander Consumer USA Inc. ("Defendant") hereby removes the action described below from the Superior Court of California for the County of San Diego, to the United States District Court for the Southern District of California, pursuant to Sections 1331, 1441(c), and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Defendant has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Defendant states as follows:

**I.   THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On January 29, 2019, plaintiff Jasinta Hudson ("Plaintiff") filed a Complaint ("Complaint") in the Superior Court of California for the County of San Diego ("Superior Court"), entitled *Jasinta Hudson v. Santander Consumer USA*, et al., Case No. 37-2010-00005749-CU-NP-CTL. In the Complaint, Plaintiff alleges that Defendant violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq*. ("RFDCPA"), the latter which incorporates the provisions of the FDCPA therein. Specifically, Plaintiff alleges, among other things, that Defendant wrongfully ordered and caused the repossession and sale of Plaintiff's vehicle on December 10, 2018, after failing to object to Plaintiff's purchase of the vehicle at a lien sale on January 20, 2018. *See* Complaint, p. 2, ¶¶ 6 – 11. Plaintiff further alleges that Defendant made false, deceptive and misleading representations in connection with this conduct, conduct which in its totality constitute violations of 15 U.S.C. §§ 1692f(6), 1692e, and 1692e(2), as well as California Civil Code § 1788.17, the latter which expressly mandates compliance with §§ 1692b through 1692j of the FDCPA.

*See* Complaint, p. 3 – 4, ¶¶ 14(a)-(c), 17(a)-(b). Plaintiff separately alleges a claim for conversion under state law, on the basis of the same allegations referenced above. *See* Complaint, p. 4, ¶¶ 20 – 22.

Based on these allegations, Plaintiff requests statutory damages of $1,000, actual damages in an unstated amount and attorney's fees, in addition to other relief. *See* Complaint, p.5 ("FEDERAL FAIR DEBT COLLECTION PRACTICES ACT; 1. An award of actual damaged against all Defendants; 2. An award of statutory damages of $1000.00, against all Defendants; 3. An award of costs of litigation and reasonable attorney's fees, against all Defendants."). The Summons and Complaint are attached hereto collectively as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (the FDCPA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331. Furthermore, this Court has supplemental jurisdiction over Plaintiff's state law claims (*i.e.*, the RFDCPA and Conversion claims), which both arise out of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a). Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about January 29, 2019, Plaintiff filed this action in the Superior Court for the County of San Diego, California. The Complaint was served upon Defendant through its corporate agent for process, CT Corporation, on April 4, 2019. This Notice of Removal is timely in that it was filed within 30 days from the time Defendant had notice that the action was removable, and less than a year after the commencement of the state court action. *See* 28 U.S.C. § 1446(b). Defendant is the sole defendant sued by Plaintiff in this action.

The Superior Court of California for the County of San Diego is located within the district of the United States District Court for the Southern District of California.

1  *See* 28 U.S.C. § 84(c)(2).  Thus, venue is proper in this Court because it is the "district
2  and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).
3     In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and
4  file with the Clerk of the Superior Court a written notice of the filing of this Notice of
5  Removal, attaching a copy of this Notice of Removal.  No previous application has
6  been made for the relief requested herein.
7     WHEREFORE, Defendant respectfully removes this action from the Superior
8  Court of California for the County of San Diego to this Court pursuant to 28 U.S.C. §§
9  1331, 1441 and 1446.

11  DATED:  May 6, 2019                    YU | MOHANDESI LLP

                                          By  *s/ Jordan S. Yu*
                                          Jordan S. Yu
                                          Attorney for Defendant
                                          Santander Consumer USA Inc.
                                          E-mail: jyu@yumollp.com

YU | MOHANDESI LLP
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On May 6, 2019, I served the following document(s) by the method indicated below:

**DEFENDANT SANTANDER CONSUMER USA INC.'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c), and 1446**

| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|---|---|

***Plaintiff's Counsel***
Paul Mankin
Erin Rounds
4655 Cass Street, Suite 410
San Diego, CA 92109

I declare under penalty of perjury under the laws of California and the United States that the above is true and correct. Executed on May 6, 2019, at Los Angeles, California.

By  *s/ Jordan S. Yu*
Jordan S. Yu
Attorney for Defendant
Santander Consumer USA Inc.
E-mail: jyu@yumollp.com